## MART OLDS v. THE STATE.

### No. 4118. Decided October 28, 1908.

**1.—Assault to Murder—Charge of Court—Mistake of Fact.**

Where upon trial for assault to murder the defendant claimed that he assaulted the party alleged to have been injured, believing that he was assaulting some one else, the court correctly refused requested charges to acquit the defendant in the event the evidence bore out defendant's contention; the court correctly submitting the law of assault to murder and aggravated assault.

**2.—Same—Charge of Court—Serious Bodily Injury.**

Upon trial for assault to murder where the court charged upon the law of this offense that if defendant with a deadly weapon and malice aforethought assaulted the injured party, with intent to kill, etc., the same was sufficient; and the further charge that if the weapon used was calculated to produce serious bodily injury, although unnecessary, was favorable to the defendant and he could not complain.

**3.—Same—Charge of Court—Mistake of Fact.**

Where upon trial for assault to murder the purpose of the defendant was to inflict injury, it was intentional, although under his theory he may have made a mistake in the individual he intended to strike. and the assault was nevertheless criminal, and under no view of the law under the evidence was he justified.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for assault to murder the evidence was sufficient to justify the verdict of guilty, the same will not be disturbed.

Appeal from the District Court of Marion. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of attempt to strike one person and accidentally striking another: Powell v. State, 32 Texas Crim. Rep., 230.

DAVIDSON, PRESIDING JUDGE.—This case is before us on a conviction of assault with intent to murder. The State's case is that appellant had been living in adultery for some time with Lulu Coleman, some children being the result of their living together, and that they sometimes had quarrels and trouble among themselves on account of what appellant thought was her misconduct, and on the occasion in question he came home and a quarrel resulted between them. He made an assault on her and she fled. He picked up a bar of iron two or three feet long, an inch or an inch and a half in diameter, weighing ten or twelve pounds, known by the witnesses as a window weight, and, overtaking struck her with

it on the head and knocked her down to insensibility, and again struck her a very severe blow on the shoulder, making the remark that he got her at last or words to that effect. He then turned and pursued Mag Coleman, a sister of the alleged injured party, but failed to overtake her. The appellant's theory of the case, in substance, is that while he was quarreling with Lulu, Mag came up and struck him with a fire poker two or three severe blows upon the head, and that he chased her and thought he was knocking her down at the time of and in place of Lulu. He also denies that he had used a window weight, but had used a much less dangerous instrument, which was a wagon spoke or buggy spoke, covered with sheet iron. It may be stated in this connection, that Lulu Coleman was absent in the City of Dallas and did not testify in the case, and in fact she had been absent most of the time after the assault up to and including the time of the trial.

The charge of the court followed the usual line in submitting the law in cases of this character. The court left it optional, under the charge to the jury, to convict of assault with intent to murder or aggravated assault. Appellant requested the court to give two special charges which were refused. The first was that if the jury should believe that defendant struck Lulu Coleman by mistake, taking her for Mag at the time, they would find him not guilty, because under that state of the case there would not be a specific intent on the part of appellant to kill and murder Lulu Coleman. The second was that where one commits an assault to murder on one person and accidentally wounds another or third party, he would not be guilty of an offense by reason of the assault on the said third party, and, therefore, if the jury should find that appellant committed an assault on Mag Coleman with intent to murder her, and accidentally assaulted Lulu Coleman, they would find defendant not guilty. We think the court was correct in refusing these charges. If appellant intending to kill Mag Coleman struck Lulu Coleman, the offense might be the same, in case of death, as if he had killed Mag Coleman. If he had the specific intent to kill one and inadvertently killed the other, he would not be justified. There might, perhaps, be some question as to whether he would be guilty of assault to murder Lulu Coleman, under the circumstances, but there could be no question of the fact that it was an aggravated assault. But the charges which appellant requested did not present this issue. It presented a matter that under this theory of the case there must be an acquittal. The law of mistake does not reach that character of case, under facts as here developed or rather claimed by appellant.

Appellant excepts to that portion of the court's charge which is as follows: "If from the evidence you are satisfied beyond a reasonable doubt that the defendant, Mart Olds, on or about the time charged in the indictment, etc., with a deadly weapon or

instrument reasonably calculated and likely to produce death, or
serious bodily injury from the manner in which it was used and
with malice aforethought, did assault the said Lulu Coleman, know-
ing it to be her with intent then and there to kill and murder her,
by the means charged in the indictment; and if you are further
satisfied by the evidence and beyond a reasonable doubt that said
assault, if any, was not aggravated assault, as the law of an ag-
gravated assault is hereinafter defined in this charge by you, then you
will find defendant guilty of an assault with intent to murder, etc."
The criticism of this charge is that the expression, "serious bodily
injury" used in this connection prejudiced the rights of defendant
and made it more onerous on him to escape the felony charge than
the law requires, and the use of those words in that connection
is fundamental error. We do not believe that exception to be well
taken. In fact, we are further of the opinion that the charge was
more beneficial to the appellant than the law provides. If appel-
lant made an assault on the woman with intent to kill her, actuated
by malice, serious bodily injury was not a necessary element. The
crime would have been as complete without any serious bodily injury
as it would with it. Wherever the assault is made, as assaults
are defined by law, accompanied with the specific intent to kill,
the offense of assault with intent to murder is complete, malice
being shown. Infliction of injury on the person is not absolutely
necessary to a conviction of assault with intent to murder. Wherever
there is an assault with malice aforethought, and the means used
would have produced murder, and the parties in such relation that
the assault could be consummated, the offense of assault with intent
to murder is made out under the statute. It is therefore our opinion
that there is no substantial merit in this contention.

Exception is taken to this portion of the charge: "A serious
bodily injury is one which creates alarm or apprehension concerning
the life of the injured party; I further charge you, that if you
believe from the evidence, that Mag Coleman, made an assault
and battery on the defendant that caused him either pain or blood-
shed, and that this produced in the mind of the defendant, a degree
of anger, rage, sudden resentment or terror, sufficient to render it
for the time, incapable of cool reflection, and in such state of
mind, the defendant committed an assault on Lulu Coleman, but
he believed that he was making said assault on Mag Coleman,
then you will find the defendant guilty of an aggravated assault,
even if you believe from the evidence, beyond a reasonable doubt,
that the weapon used was a deadly weapon, and the assault was
made with the intent to kill Mag Coleman." The criticism of this
charge is that if his mind was incapable of cool reflection from
the blows received on his head at the hands of Mag Coleman and
in that state of mind, if he had struck Mag Coleman, it would have
been an aggravated assault, but it was no offense against the law

if he struck a third party, Lulu, Coleman, by mistake. The opposite idea to that expressly charged was embodied in appellant's special charges which we have held properly refused, and we are of opinion that appellant has no just criticism of this portion of the court's charge. If appellant had killed Mag Coleman under the circumstances, the offense would not have been reduced below manslaughter under the charge given. If he had killed Lulu Coleman, under these circumstances, it would not have been reduced to manslaughter, because under that state of case, Lulu Coleman would not have given the provocation, but in making the mistake and supposing that it was Mag Coleman who struck him on the head, and he struck Lulu Coleman, under the impression that it was Mag Coleman he was striking, the offense in case death had resulted, could not have been less than manslaughter. The law does not permit this character of mistake. Appellant intended either to kill or he intended to inflict injury of some character upon the woman that he did strike and the fact that he made a mistake or may have made a mistake under such circumstances would not justify him, for the law does not authorize him to strike either woman, under the facts stated. Under no view of the law would a mistake of this sort relieve criminality. The purpose of the defendant was to inflict injury, it was intentional, although under his theory he may have made a mistake in the individual he intended to strike. If he had been justified in striking Mag Coleman and by mistake hit Lulu Coleman, there might be some plausibility in this contention, but under no view of the law under the facts of this case was he justified in striking her.

It may be that the final contention of appellant that the evidence is not sufficient to justify a conviction of an assault with intent to murder has some merit in it. The jury found that his testimony was not true and that of the State was correct; that he made the assault on Lulu Coleman as charged. The State's evidence was not as cogent as in some cases, yet we are of opinion that the jury was justified in finding the verdict they did. At least the evidence is sufficiently strong to prevent, or not authorize this court to interfere and set aside the verdict. The judgment is affirmed.

*Affirmed.*